# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No._____

---

Tricia Newman,
on behalf of herself and others similarly situated,

    Plaintiffs,

v.

Robert Andrews Laser & Medical Aesthetics Corp.,
A Colorado corporation,

And

Halle Friedman,
Individually,

    Defendants.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Tricia Newman, by and through counsel, CORNISH & DELL'OLIO, P.C., and for her Complaint against the Defendants, states as follows:

### Introduction

This is an action for wages brought pursuant to the federal Fair Labor Standards Act (29 U.S.C. § 201 *et. seq.*) and a F.R.C.P. Rule 23 class action to recover statutory penalties for violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2511.

### Jurisdiction

Jurisdiction is conferred by 28 U.S.C. §1331.

**Others are Similarly Situated**

1. Plaintiffs seek to certify a F.R.C.P. Rule 23 class action.

2. Plaintiffs seek to certify a class of similarly situated employees and customers of Robert Andrews Laser & Medical Aesthetics, Corp. "the Spa" whose conversations were illegally intercepted by Halle Friedman.

3. The class of those injured by the illegal activities described below consists of hundreds of individuals (current and former employees of the Spa and current and former customers of the Spa) whose verbal conversations on the premises of the Spa, 7610 N. Union Blvd., Suite #140, Colorado Springs, Colorado, were illegally intercepted.

4. Questions of fact common to those current and former employees of the Spa and current and former customers of the Spa include factual proof of actions by Halle Friedman causing illegal interception of conversations, factual proof of the period of time when such activities occurred.

5. Questions of law common to those current and former employees of the Spa and current and former customers of the Spa include applicability of 18 U.S.C. § 2511 to the facts of this case and applicability of statutory damages as set forth in 18 U.S.C. § 2520.

6. Plaintiffs' claims are similar to the claims of others in the proposed class because a claim exists on her behalf provided that she proves that she had an oral communication on the premises of 7610 N. Union Blvd., Suite #140, Colorado Springs, Colorado, which was intercepted by the Defendant. Other current and former employees of the Spa and current and former customers of the Spa have claims against

the Defendant provided that they prove that they had oral communications on the premises of 7610 N. Union Blvd., Suite #140, Colorado Springs, Colorado, which were intercepted by the Defendant.

7. The Plaintiff will fairly and adequately represent the interests of the class.

**Parties**

8. The Plaintiff, Tricia Newman, is a natural person who was employed by the Defendant, Robert Andrews Laser & Medical Aesthetics Corp., from March 13, 2016 until November 8, 2016 as a Manager and Medical Aesthetician.

9. The Defendant, Halle Friedman, is the President and CEO of Robert Andrews Laser & Medical Aesthetics Corp., is involved in the day-to-day operation of the Spa and is responsible for formulating and implementing the pay practices of the Spa.

10. Robert Andrews Laser & Medical Aesthetics Corp., is a Colorado corporation, authorized to do business in the State of Colorado, which is in the business of operating a spa in Colorado Springs, Colorado.

11. At all times relevant to the Complaint the Defendant corporation was an enterprise engaged in commerce within the meaning of the federal Fair Labor Standards Act (29 U.S.C. § 203 (s)(1)) with gross sales of more than $500,000.00 per year.

**Venue**

12. All acts giving rise to the cause of action occurred in the State of Colorado.

**First Cause of Action**
**(for violations of the federal Fair Labor Standards Act 29 U.S.C. § 207)**

13. Paragraphs 1 through 12 are incorporated herein by reference.

14. Tricia Newman was a nonexempt employee of Defendant corporation under the federal Fair Labor Standards Act (29 U.S.C. § 201 *et. seq.*).

15. Tricia Newman was paid on an hourly basis and worked as a Manager and Medical Aesthetician, which work frequently required more than forty hours of work per week.

16. During her employment Tricia Newman performed work for which she was not paid, including work which exceeded forty hours in a single work week.

17. Specifically, Plaintiff performed the following work for which she was not paid: in May she worked nine hours (including 4 overtime hours) for which she was not paid, in June she worked sixteen hours (including 6 overtime hours) for which she was not paid, in July she worked twelve hours (including 2 overtime hours) for which she was not paid, in August she worked eight hours (including 3 overtime hours) for which she was not paid.

18. In addition Robert Andrews Laser & Medical Aesthetics Corp. deducted one-half hour per day from her pay as a lunch hour although Ms. Newman did not take an uninterrupted meal period of 30 minutes or more because of the demands of her work.

19. During Plaintiff's employment with Robert Andrews Laser & Medical Aesthetics Corp. she worked in excess of forty hours in a single work week without pay at one and one-half times her usual rate.

20. Management of Robert Andrews Laser & Medical Aesthetics Corp. knew or

should have known that Plaintiff was working more than forty hours in a single work week without pay at one and one-half her usual rate for all hours worked.

21.     The Defendant failed to pay Plaintiff for all hours worked in excess of forty in a single work week at one and one-half times her regular hourly rate of pay.

22.     The Defendant's failure to pay Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of forty hours in a single work week was in violation of the federal Fair Labor Standards Act (29 U.S.C. § 207).

## Second Cause of Action
### (for violations of the federal Electronic Communications Privacy Act, 18 U.S.C. § 2511)

23.     Paragraphs 1 through 22 are incorporated herein by reference.

24.     Upon information and belief, Halle Friedman acting on her own behalf and as an agent of Robert Andrews Laser & Medical Aesthetics Corp. and others at her request, intentionally intercepted, by obtaining the contents of, numerous oral communications to which the Plaintiff was a party, by means of an electronic, mechanical or other device, in violation of the Electronic Communications Privacy Act (ECPA), 18 U.S.C. § 2511(1).

25.     Upon information and belief, Halle Friedman intentionally used the contents of the aforementioned intercepted wire communications knowing or having reason to know that the communications was obtained through an interception of a wire communication in violation of the ECPA, 18 U.S.C. § 2511(1) to terminate Plaintiff's employment.

26.     Upon information and belief, Halle Friedman and others at her request, intentionally endeavored or procured others to commit the acts in paragraphs 24 and

25, above.

27. As a result of Defendants' conduct, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## Prayer for Relief

WHEREFORE, Plaintiff demands judgment against the Defendant corporation and Halle Friedman individually for:

1. Amounts which will compensate her for all hours worked in excess of forty hours in a single work week at one and one-half times her regular hourly rate of pay, for liquidated damages as provided for by 29 U.S.C. § 216 (b), and attorney's fees and costs as provided for by 29 U.S.C. § 216 (b).

2. Statutory damages in the amount of $10,000.00 per violation for Plaintiff and others similarly situated for violations of the federal Electronic Communications Privacy Act pursuant 18 U.S.C. § 2520.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a jury trial for all issues triable by jury.

Respectfully submitted this 23rd day of February, 2017.

                                        CORNISH & DELL'OLIO, P.C.

                                        By: s/Donna Dell'Olio
                                        Donna Dell'Olio #10887
                                        Cornish & Dell'Olio, P.C.
                                        431 N. Cascade Avenue, Suite 1

Colorado Springs, CO 80903
Phone: (719) 475-1204
Fax: (719) 475-1264
ddellolio@cornishanddellolio.com
Attorney for Plaintiffs

Plaintiff's Address:
5495 Pioneer Mesa Drive
Colorado Springs, Colorado 80923